David L. Cheng (SBN 240926)
*dcheng@fordharrison.com*
FORD & HARRISON LLP
1901 Harrison Street, Suite 1650
Oakland, CA 94612
Telephone:  (415) 852-6910
Facsimile:  (415) 852-6925

Julie A. Bachert (SBN 328572)
*jbachert@fordharrison.com*
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone: (213) 237-2400
Facsimile:  (213) 237-2401

Attorneys for Defendant,
1-800 RADIATOR & A/C, LLC
[erroneously sued and served as 1-800
RADIATOR & A/C INC.]; SPIRE SUPPLY,
LLC; DRIVEN BRANDS HOLDINGS,
INC. [former direct subsidiary of Driven
Investor, LLC]; DRIVEN BRANDS
SHARED SERVICES, LLC [erroneously
sued and served as DRIVEN BRANDS
SHARED SERVICES, INC.]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NASON, an Individual,<br><br>              Plaintiff,<br><br>       v.<br><br>1-800 RADIATOR & A/C INC.;<br>SPIRE SUPPLY, LLC; DRIVEN<br>INVESTOR, LLC; DRIVEN<br>BRANDS HOLDINGS, INC.;<br>DRIVEN BRANDS SHARED<br>SERVICES, LLC; DRIVEN<br>BRANDS SHARED SERVICES,<br>INC.; and DOES ONE through<br>TWENTY-FIVE, Inclusive,<br><br>              Defendants. | CASE NO.:<br><br>**DECLARATION OF JULIE A.<br>BACHERT IN SUPPORT OF<br>NOTICE OF REMOVAL OF<br>ACTION PURSUANT TO 28 U.S.C.<br>§§ 1332, 1441 AND 1446**<br><br><br><br>Complaint Filed: July 28, 2022<br>Date of Removal: November 2, 2022 |

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:13523836.1

DECLARATION OF JULIE A. BACHERT IN SUPPORT
OF NOTICE OF REMOVAL OF ACTION

## DECLARATION OF JULIE A. BACHERT

I, Julie A. Bachert, declare as follows:

1.      I am an attorney at law, licensed to practice in the State of California and in the United States District Court for the Eastern District of California.  I am an attorney with the law firm of FORD & HARRISON LLP, counsel of record for Defendants 1-800 RADIATOR & A/C, LLC [erroneously sued and served as 1-800 RADIATOR & A/C INC.], SPIRE SUPPLY, LLC, DRIVEN BRANDS HOLDINGS, INC. [also sued as and former direct subsidiary of Driven Investor, LLC], and DRIVEN BRANDS SHARED SERVICES, LLC [erroneously sued and served as DRIVEN BRANDS SHARED SERVICES, INC.] ("Defendants") in this action, and make this declaration in support of Defendants' Notice of Removal.  All of the information set forth herein is based on my personal knowledge and, if called as a witness, I could competently testify thereto.

2.      On July 28, 2022, Plaintiff Mark Nason ("Plaintiff") filed a complaint in the Superior Court of California, County of Solano, titled "*Mark Nason v. 1-800 Radiator & A/C Inc.; Spire Supply, LLC; Driven Investor, LLC; Driven Brands Holdings, Inc.; Driven Brands Shared Services, LLC; Driven Brands Shared Services, Inc.; and Does 1 through 25*," Case No. FCS058562 (the "State Court Action").

3.      True and correct copies of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendants in this action, are incorporated herein and attached hereto **Exhibit A**.

4.      On September 13, 2022, Plaintiff provided counsel for Defendants a Notice and Acknowledgement of Receipt of the Complaint, Civil Case Cover Sheet, ADR Packet, and Notice of Case Management Conference to Defendants.  A true and correct copy of the Notice and Acknowledgement of Receipt is incorporated herein and attached hereto as **Exhibit B**.

///

5.      On October 3, 2022, Defendants served, via electronic means, a signed and returned Acknowledgement of Receipt to Plaintiff. A true and correct copy of Defendants' Acknowledgement of Receipt is incorporated herein and attached hereto as **Exhibit C**.

6.      On October 27, 2022, Defendants filed their Answer to the State Court Action. A true and correct copy of an endorsed copy of Defendants' Answer is incorporated herein and attached hereto as **Exhibit D**.

7.      Exhibits A through D constitute all process, pleadings and orders served upon or filed in the State Court Action. Based on my review of the online docket for the State Court Action, there have been no other filings and orders made in the State Court Action.

8.      Defendants will promptly notify Plaintiff and the Clerk of the Superior Court of California, County of Solano, that the case has been removed.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 2nd day of November 2022, in Los Angeles, California.

_/s/ Julie A. Bachert_
Julie A. Bachert

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DECLARATION OF JULIE A. BACHERT IN SUPPORT
OF NOTICE OF REMOVAL OF ACTION PURSUANT
TO USC §§ 1332, 1441, AND 1446

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* 1-800 RADIATOR & A/C INC.; SPIRE SUPPLY, LLC, DRIVEN INVESTOR, LLC; DRIVEN BRANDS HOLDINGS, INC.; DRIVEN BRANDS SHARED SERVICES, LLC, DRIVEN BRANDS SHARED SERVICES, INC. and DOES ONE through TWENTY-FIVE, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARK NASON, an Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Solano
580 Texas Street
Fairfield, CA 94533

CASE NUMBER:
*(Número del Caso):*
FCS 058562

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Maurice Fitzgerald, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE CARTWRIGHT LAW FIRM, INC.
222 FRONT STREET, FIFTH FLOOR, SAN FRANCISCO, CA 94111          415-433-0444

DATE: **JUL 2 8 2022**
*(Fecha)*
Clerk, by **K. FUENTES**, Deputy
*(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

FILED/ENDORSED
Clerk of the Superior Court

1 | ROBERT E. CARTWRIGHT, JR. (SBN: 104284)
MAURICE FITZGERALD (SBN: 149712)
2 | THE CARTWRIGHT LAW FIRM, INC.
222 FRONT STREET, FIFTH FLOOR
3 | SAN FRANCISCO, CA  94111
PHONE:     (415) 433-0444
4 | FACSIMILE:  (415) 433-0449
EMAIL:     MAURICE@CARTWRIGHTLAW.COM
5 |

JUL 28 2022

By K. FUENTES
DEPUTY CLERK

ASSIGNED TO
JUDGE  Gizzi
FOR ALL PURPOSES

6 | ATTORNEYS FOR Plaintiff MARK NASON

7 |

CMFF 420936 $495.⁰⁰

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SOLANO**

10 | MARK NASON, an Individual,                    Case No. FCS 058562

11 |              Plaintiff,                              **COMPLAINT FOR DAMAGES**

12 |        v.                                      1.  Age Discrimination

13 | 1-800 RADIATOR & A/C INC.; SPIRE SUPPLY,       2.  Breach of Contract
LLC, DRIVEN INVESTOR, LLC; DRIVEN
14 | BRANDS HOLDINGS, INC.; DRIVEN BRANDS           3.  Breach of the Implied Covenant of Good
SHARED SERVICES, LLC, DRIVEN BRANDS                 Faith and Fair Dealing
15 | SHARED SERVICES, INC. and DOES ONE
through TWENTY-FIVE, Inclusive,                 4.  Breach of Fiduciary Duty
16 |
                                                5.  Wrongful Employment Termination in
17 |              Defendants.                          Violation of Public Policy – Age
                                                    Discrimination
18 |
                                                6.  Wrongful Employment Termination in
19 |                                                  Violation of Public Policy – Interference
                                                    with Benefits Vesting
20 |
                                                7.  Violation of Unfair Competition Law
21 |

22 |                                               *Unlimited Jurisdiction –*
                                                *Amount In Controversy Exceeds $25,000*

23 |                                               **DEMAND FOR JURY TRIAL**

24 |        Plaintiff MARK NASON (*hereinafter* "PLAINTIFF") brings this action against Defendants 1-800

25 | RADIATOR & A/C, INC.; SPIRE SUPPLY, LLC, DRIVEN INVESTOR, LLC; DRIVEN BRANDS

26 | HOLDINGS, INC.; DRIVEN BRANDS SHARED SERVICES, LLC, DRIVEN BRANDS SHARED

27 | SERVICES, INC and DOE DEFENDANTS ONE through TWENTY-FIVE, inclusive, (collectively

28 | *hereinafter* "DEFENDANTS") and alleges upon information and belief which is based upon investigation

of his counsel, except as to the allegations concerning PLAINTFF or his counsel which are made upon PLAINTFF's personal knowledge, as follows:

**NATURE OF THE ACTION**

This is a discrimination action to vindicate the rights afforded employees under the Californian Fair Employment and Housing Act ("FEHA"), government Code sections 12940, et seq, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty and Wrongful Termination and violation California's Unfair Competition Law under Business and Professions Code section 17200 Defendants' violations revolve around their unlawful business practice which include, but are not limited to, their failure to prevent discrimination based on age or disability or race and the wrongful termination of Plaintiff's Employment in violation of public policy.

**JURISDICTION AND VENUE**

1.      The amount in controversy exceeds the jurisdictional minimum of the Court.

2.      PLAINTIFF at all times herein mentioned resides in the County of Washoe, State of Nevada.

3.      At all times alleged herein, one or more of the DEFENDANTS were at doing business in the County of Solano and throughout the State of California.

4.      The events that are the subject of this action occurred within the County of Solano at DEFENDANTS' place of business located at 4401 Park Road, Benicia, California, where DEFENDANTS employed as a senior executive at 1-800 RADIATOR and A/C.

5.      This case is subject to the jurisdiction pursuant to the Government Code, Business and Professions Code, and the Code of Civil Procedure.  DEFENDANTS regularly conduct business in Solano County, California.

6.      Venue is proper in this Court pursuant to the sections 395 and 395.5 of the California Code of Civil Procedure and Government Code section 12965(b) because Solano County is the county in which the unlawful practices are alleged to have been committed and the county in which the records relevant to the practice are maintained and administered.

**EXHAUSTION OF ADMINISTRATIVE REMEMDIES**

7.      PLAINTIFF exhausted all administrative remedies as required by FEHA.  On March 30,

1  2022, July 22, 2022 and July 26, 2022 PLAINTIFF obtained a Right to Sue letters from the DFEH and

2  EEOC for age discrimination.

3  **GENERAL ALLEGATIONS**

4       8.     At all relevant times described in this complaint, PLAINTIFF is and has been a person

5  over 40 years of age and working in the County of Solano, State of California.

6       9.     PLANTIFF is informed and believes, and thereon alleged that at all times herein

7  mentioned, DEFENDANTS employed over five (5) employees.  DEFENDANTS employed PLAINTFF

8  in California.

9       10.    PLAINTIFF is ignorant as the true names and capacities of the DEFENDANTS sued

10  under the fictitious names DOES ONE through TWENTY-FIVE, inclusive, PLAINTIFF is informed

11  and believes, and on that basis of information and belief alleges, that each DOE was in some manner

12  intentionally, negligently, or recklessly the proximate cause of the events, happening and occurrences

13  alleged in this complaint that resulted in damage and injury to PLAINITFF.  PLAINITFF will seek

14  leave of court to amend this Complaint to reflect the true names and capacities of the defendants

15  designated hereinafter as DOES when such identities become known.

16       11.    PLAINTIFF further alleged that some or all of DEFENDANTS were the agents,

17  servants, employees, partners, alter egos and/or joint venture of each of the remaining defendants and

18  were at all times acting within the purpose and scope of said agency and employment, and each

19  defendant has consented to, ratified and approved the acts of each agent.

20  **FACTUAL BACKGROUND**

21       12.    PLAINTIFF began working for SPIRE SUPPLY LLC and 1-800 RADIATOR & A/C in

22  April 2008 which was ultimately purchased by DRIVEN INVESTOR LLC which, through a purchase

23  and IPO, later became DRIVEN BRANDS HOLDINGS INC.  His position was Vice President of

24  Operations and focused on supply chain management, warehouse operations and directing management

25  staff in purchasing, inventory management, distribution, quality assurance, technical product support,

26  analytics, and pricing.  He led operational support for corporate warehouses and over 200 franchised

27  warehouse locations.

28      A.  <u>Plaintiff's Performance</u>

COMPLAINT FOR DAMAGES

13.     Throughout his tenure with DRIVEN INVESTOR LLC PLAINTIFF was the senior executive responsible for operational performance of both SPIRE SUPPLY LLC and 1-800 RADIATOR & A/C.  Each brand was operated and measured as entirely independent enterprises, with separate profit and loss statements for each.   PLAINTIFF'Ss performance was consistently rated superior by executive management.  Accordingly, he was awarded performance bonuses every year.

14.     At no time did PLAINTIFF ever receive a performance review rating of less than 4 out of 5, with scores of 5 making him eligible for the maximum annual bonus.  Each year he was awarded between 80% and 150% of the eligible total.  In fact, attributable to superior performance, the largest performance bonus PLAINTIFF ever received was paid just one month before he was placed on furlough.

B.  Plaintiff is Furloughed then Terminated

15.     Throughout 2019 and in early 2020 Roark Capital sought a purchaser for DEFENDANTS.  In early 2019 senior management and equity partner meetings and directives were established to support performance.  Offers were received, but in early 2020 directives were established to sell these portfolio companies through an IPO (public offering) instead.  Great excitement grew throughout senior management about what a successful IPO meant to their respective financial futures.

16.     Early spring of 2020 brought COVID-19 and on March 22nd, 2020, PLAINTIFF suddenly received an "urgent" notice from General Counsel Noah Pollack in the form of an email.  In that notice, Mr. Pollack stated Driven Brands companies were being *"severely impacted"* by COVID-19, bringing a *"dramatic reduction on consumer demand with incredible speed, forcing operators to close stores…"* PLAINTIFF had no desire to be furloughed during this important time.  With prior instructions to "work from home", he reached out to the others at 1-800 RADIATOR AND & A/C and SPIRE SUPPLY LLC and was distraught to find he was the only member of senior management to be furloughed.  The notice emphatically stated *"…this action in no way reflects dissatisfaction with your job performance."*

17.     In the subsequent months PLAINTIFF learned that DEFENDANTS's revenues had quickly stabilized.  Contrary to Mr. Pollack's assertion, few if any of the franchised stores were closed.  By early June 2020 some product channels were performing better than they had before COVID-19

1   struck.  As such, the companies PLAINTIFF worked within had little lasting discernible negative

2   performance and certainly nothing that required the further "urgent" action of singling out of

3   PLAINTIFF for termination.  In fact, due in part to government supported programs and consumer

4   behavior, demand increased within the aftermarket products industry.  By June of 2020, volume activity

5   at SPIRE SUPPLY LLC and sales activity at 1-800 RADIATOR & A/C was on a solid base and

6   surging.

7       18.     On June 12th, PLAINTIFF received a second email from Mr. Pollack. claiming the

8   ***"unprecedented business conditions caused by the COVID-19 crisis"*** required the company to adjust

9   its workforce, and that his employment was terminated.  No other explanation was provided.

10  PLAINTIFF was the only senior management equity holder terminated from either SPIRE SUPPLY

11  LLC OR 1-800 RADIATOR & A/C, due to "unprecedented business conditions."   He was 58 years old.

12  No other senior manager or equity holder – ages 35, 35, 37, 39, and 40 – were furloughed and all remain

13  employed. Clearly whatever criteria DEFENDANTS used to terminate PLAINTIFF had the effect of

14  eliminating the oldest employee (and <u>only</u> older employee) at his level.

15      C.  <u>Stock Options (compensation in the form of equity)</u>

16      19.     Prior to its IPO, DEFENDANTS were portfolio companies exclusively owned by Private

17  Equity company Roark Capital**.**  DEFENDANTS acquired numerous automotive service companies.

18  PLAINTIFF was one of approximately 40 equity holders offered an incentive plan entitled "Profits

19  Interest Award Agreement." ("the Agreement")[1]   He was granted on two occasions option awards

20  based on a combination of Performance-Vesting Units and Time-Vesting Units (with 5-year vesting

21  schedule) in Driven Investor LLC.

22      20.     On September 18, 2015, DEFENDANTS awarded PLAINTIFF 50 Time Vesting Units

23  and 97.3196 Performance Vesting Units.  On February 24, 2016, DEFENDANTS awarded PLAINTIFF

24  an additional 25 Time Vesting Units and 48.6598 Performance Units.  The time vesting units had a 5-

25  year vesting schedule, 20% vesting per year.  In addition, he was provided Schedule K-1 tax forms

26  annually indicating approximately 0.5% ownership interest in Driven Investors LLC.  Of significance is

27  a provision in the associated Profit Interest Agreement that also provided for the vesting of all units

28

---

[1] See copy Profits Interest Award Agreement Terms and Conditions attached hereto as Exhibit A.

COMPLAINT FOR DAMAGES

should member be terminated within the six months prior to any Liquidity Event.  Combined, these valuable units provided significant incentive for PLAINTIFF to forgo other opportunities over the preceding timeframe and to devote tremendous time and effort to ensure DEFENDANTS were successful and marketable.  Importantly, within the Agreement was a provision stating:

> "2. _Vesting of Time-Vesting Units_.  Unless vesting is accelerated in the discretion of the manager, 20% of the Time-Vesting Units shall vest on each of the first five annual anniversaries of December 1st, 2015; provided that grantee remains in continuous service on each such vesting date; and provided further that all outstanding Time-Vesting Units shall vest immediately prior to the effective date of a sale transaction (as long as such sales transaction is consummated).   For the sake of clarity, the term **"Continuous service"** shall refer to the grantees continuous service (as defined in the plan) at the company or any of its subsidiaries.
>
> 3. _Vesting of Performance-Vesting Units_.   Performance-Vesting Units will, unless vesting is accelerated in the discretion of the manager, vest immediately prior to the effective date of a liquidity event (as long as such liquidity event is consummated), in the applicable amount has set forth below:
>
> (a) If, in connection with a liquidity event, the sponsor group achieves and IRR equal to 17.5% then 50% of the Performance-Vesting Units shall performance vest; and
>
> (b) If, in connection with a liquidity event the sponsor group achieves an IRR equal to 24%, then the other 50% of the Performance-Vesting Units shall performance vest (resulting in investing of 100% of the Performance-Vesting Units).
>
> Grantee will also vest any Performance-Vesting Units if the vesting requirements in this Section 3. are met and **grantees continuous service is terminated by the company without cause within the six month period prior to the date of consummation of the liquidity event."** [Emphasis added]

1

   D.  Stock Options Plaintiff Lost Due to His Wrongful Termination

2

   21.    As stated above, as an incentive for his continued employment and substantial

3  responsibility, DEFENDANTS awarded PLAINTIFF units of ownership in DRIVEN INVESTOR LLC.

4  In this instance, PLAINTIFF was terminated on June 12th, 2020, just 34 days before the six-month

5  horizon of the liquidity event that took place on January 15, 2021.  He thereby lost his right to

6  substantial compensation that would have vested had he remained employed just 34 days later.

7  Importantly, based on the four years PLAINTIFF worked after Driven Brands award Time Units, he

8  undisputedly vested 80% of his 75 Time Vesting Units, and was thereby entitled to 60 Time Vested

9  Units by any measure.

10    22.    On January 16, 2021, DRIVEN BRANDS HOLDINGS INC. sent PLAINTIFF an email

11  briefly explaining its recent IPO and, without explanation, merely stated that PLAINTIFF had received

12  9,749 shares of DRIVEN BRANDS HOLDINGS INC., based on his previous holdings in DRIVEN

13  INVESTOR LLC.  No mention was made to how DRIVEN BRANDS HOLDINGS INC. arrived at this

14  number or how it was calculated.  In April 2021 Mr. Nason, through counsel, requested an accounting

15  for how the number was derived.  On April 29, 2021, DEFENDANTS, through counsel responded

16  vaguely that the calculation was based upon PLAINTIFFS vesting of 80% of his 50 units, or 40 units.

17  DEFENDANTS provided no explanation as to why 40 units translated to 9,749 units.  Importantly,

18  DEFENDANTS are either unaware, or simply ignores the additional 25 Time Vesting Units

19  PLAINTIFF was awarded on February 24, 2016.  In any event, PLAINTIFF was not compensated

20  properly in relation to his Time-Vested options.

21
                              **FIRST CAUSE OF ACTION**
                                **AGE DISCRIMINATION**
22                                **Against all Defendants**

23    23.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

24    24.    PLAINTIFF was at all times material hereto an employee covered by the California Fair

25  Employment and Housing Act ("FEHA"). Government Code §12900, *et seq*.

26    25.    PLAINTIFF, at all times herein relevant, was in the protected age category, to wit, over

27  40 years of age.  Defendants at all times herein relevant knew of PLAINTIFF's age.

28    26.    DEFENDANTS were at all times material hereto an employer within the meaning of the

California Government Code and, as such, barred from discriminating in employment decisions on the basis of age pursuant to Government Code §§12940 and 12941.

27.     On or about June 12, 2020, PLAINTIFF was subjected to adverse employment action when he was terminated in material part because of his age.

28.     Refusal of DEFENDANTS, and each of them, to continue PLAINTIFF's employment with Defendants constitutes disparate treatment in that it was based on the fact that PLAINTIFF is an individual over the age of forty as alleged hereinabove.

29.     DEFENDANTS discriminatory actions against PLAINTIFF, as alleged above, constituted unlawful discrimination in employment on account of PLAINTIFF's age, in violation of Government Code§12900, et sq., and in particular §§12940 and 12941.

30.     As a direct and proximate result of DEFENDANTS, and each of their, unlawful conduct and discrimination, PLAINTIFF has suffered and continues to suffer damages including but not limited to loss of wages, salary, benefits, earnings, benefits, stock options and retirement benefits that PLAINTIFF would have received if he had been retained as an employee with DEFENDANTS and each of them.

31.     As a further direct and proximate result of DEFENDANTS, and each of their, unlawful conduct and discrimination, PLAINTIFF has suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish, and anxiety to all his damage in an amount in excess of jurisdictional requirement according to proof.

32.     DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to despicable conduct, and in conscious disregard of PLAINTIFF's rights.  Therefore, in addition to compensatory damages, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS, and each of them, in an amount according to proof.

WHEREFORE, PLAINTIFF seeks the relief as described herein and below.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**
**Against All Defendants**

33.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

34.     PLAINTIFF and DEFENDANTS entered into Agreements for the granting of Restricted Time-Vesting Units and Performance-Vesting Units (see terms set forth above and Exhibit A).

35.     PLAINTFF did all or substantially all things required of him under the Agreement.

36.     PLAINTIFF has fully performed all of its covenants and obligations under the Agreement, except those whose performance has been waived or legally excused.

37.     DEFENDANTS breached their Agreement in numerous material respects including by failing to provide for the vesting of 25 Time-Vesting Units as required by the Agreement and in subsequent correspondence and thereafter fail to provide proper conversion to restricted shares of common stock in the acquiring entity, among other breaches.

38.     DEFENDANTS breaches were a substantial factor in the harm suffered by PLAINTIFF.

39.     As a direct and proximate result of DEFENDANTS's breaches as described herein PLAINTIFF has been damaged in an amount to conform to proof at trial, but not less than $136,242.27 plus interest as allowed by law, and attorneys' fees and costs as provided by law.

WHEREFORE, PLAINTIFF seeks the relief as described herein and below.

### THIRD CAUSE OF ACTION
### BREACH OF THE INMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Against All Defendants

40.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

41.     The Agreement between DEFENDANTS and PLAINTIFF set forth the basic terms of DEFENDANTS' granting of Time-Vesting Units and Performance Vesting Units along with a vesting schedule for such units.   A covenant of good faith and fair dealing is implied by law in all contracts, and the covenant requires that neither party do anything to deprive the other of the benefits of the contract.  (*See Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683-684.)

42.     After five years of high-performance and dedicated work, DEFENDANTS purposely terminated PLAINTIFF's employment 35 days prior to a date which would have allowed a full vesting of both his Time-Vesting Units and his Performance-Based Units.  DEFENDANT thereby avoided having to award stock option of significant value to PLAINTIFF.  DEFENDANTS thereby breached the implied covenant of good faith and fair dealing by failing to honor their agreement with PLAINTIFF and depriving PLAINTIFF of the vesting of large majority of his Time-Vesting and Performance Units.

43.     As a direct and proximate result of DEFENDANTS's breaches as described herein PLAINTIFF has been damages in an amount to conform to proof at trial, plus interest as allowed by law, and attorneys' fees and costs as provided by law.

WHEREFORE, PLAINTIFF seeks the relief as described herein and below.

**FOURTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**Against All Defendants**

44.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

45.     PLAINTIFF was a member of Defendant DRIVEN INVESTORS LLC and had acquired vested Units in that entity.

46.     DEFENDANTS individually and as co-members and managers of Defendant DRIVEN INVESTORS LLC owed PLAINTIFF a fiduciary duty to act with reasonable care in performing managerial responsibilities after causing PLAINTIFF to repose trust and confidence in DEFENDANTS in connection with PLAINTIFF's investment and rights to have his Time-Vesting Units and Performance Vesting Units vested in accordance with the Agreement.  DEFENDANTS voluntarily accepted a fiduciary role with respect to PLAINTIFF which included the duty to act with the utmost good faith, loyalty, and in the best interests of PLAINTIFF.

47.     DEFENDANTS failed to act as reasonably and careful co-members and managers as would have acted under the same or similar circumstances.

48.     As a result, PLAINTIFF was harmed.

49.     DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF's harm.

50.     As a direct and proximate result of DEFENDANTS's breaches as described herein PLAINTIFF has been damaged in an amount to conform to proof at trial, plus interest as allowed by law, and attorneys' fees and costs as provided by law.

WHEREFORE, PLAINTIFF seeks the relief as described herein and below.

**FIFTH CAUSE OF ACTION**
**WRONGFUL EMPLOYMENT TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Age Discrimination)**
**Against All Defendants**

51.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES

52.     At all times herein relevant there was an employer/employee relationship between PLAINTIFF and DEFENDANTS.

53.     Upon information and believe, and based thereon, PLAINTIFF alleges that DEFENDANTS terminated PLAINTIFF's employment because of his age.

54.     PLAINTIFF's employment was terminated as a result of DEFENDANTS' violation fundamental public policies.  It is against fundamental California public policy, grounded in FEHA including, but not limited to, California Government Code section 12940(a) and other statutes, to discriminate on the basis of age.

55.     A tortious termination subjects the employer to "liability for compensatory and punitive damages under normal tort principles." *Gantt v. Sentry Insurance* (1992) 1 Cal. 4th 1083, 1101.

56.     As a direct, foreseeable and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered harm, including mental distress, and other general and special damages, all to PLAINTIFF's damage in an amount to be proven at trial.

57.     As a proximate result of DEFENDANTS' discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, benefits, stock options and retirement benefits and has suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish, and anxiety all to his damage in amount in excess of jurisdictional requirement according to proof.

58.     DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to despicable conduct, and in conscious disregard of PLAINTIFF's rights. PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

WHEREFORE, PLAINTIFF seeks the relief as described herein and below.

### SIXTH CAUSE OF ACTION
### WRONGFUL EMPLOYMENT TERMINATION IN VIOLATION OF PUBLIC POLICY
#### (Interference with Benefits Vesting)
#### Against All Defendants

59.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

60.     At all times herein relevant there was an employer/employee relationship between

1   PLAINTIFF and DEFENDANTS.

2       61.    Upon information and believe, and based thereon, PLAINTIFF alleges that

3   DEFENDANTS terminated PLAINTIFF to avoid the vesting of this Time-Vesting Units and

4   Performance-Vesting Units and thus issuing him stock options.

5       62.    PLAINTIFF's employment was terminated as a result of DEFENDANTS' violation

6   fundamental public policies.  It is unlawful for an employer to discharge an employee to avoid paying

7   wages or benefits.  Labor Code § 201 expressly provides that "[i]f an employer discharges an employee,

8   the wages earned and unpaid at the time of discharge and due and payable immediately."  Labor Code §

9   201(a).  An employer who terminates an employee to avoid paying compensation to that employee

10  violates a fundamental California policy and is subject to liability for wrongful termination in violation

11  of public policy.  (*See Gould v. Maryland South Industries, Inc.*, (1995) 31 Cal.App.4th 1137, 1148.)

12  Under Labor Code § 200(a), the term "wages" is defined broadly to include benefits to which an

13  employee is entitled as a part of his or her compensation, such as money, room, board, clothing,

14  vacation pay and sick pay.  (*See Department of Industrial Relations v. UI Video Stores, Inc.* (1997) 55

15  Cal.App.4th 1084, 1091.)  Stock options granted by an employer as an incentive or reward for services

16  rendered are considered additional compensation to the employee.  (*See Bertero v. National General*

17  *Corp.* (1967) 254 Cal.App.2d 126, 141; *see also In re Marriage of Walker* (1989) 216 Cal.App.3d 644,

18  648 (stock options are "fringe benefits…granted as compensation for services rendered and as

19  compensation for services to be rendered").)  An employer may not terminate an employee to prevent

20  his or her benefits from vesting.  (*See*, *e.g.*, *Suastez v. Plastic Dress-Up* Co. (1982) 31 Cal.3d 774, 781-

21  782.).  A termination for reasons set forth above is unlawful and thereby also violates the public policy

22  of the State of California.

23      63.    A tortious termination subjects the employer to "liability for compensatory and punitive

24  damages under normal tort principles." *Gantt v. Sentry Insurance* (1992) 1 Cal. 4th 1083, 1101.

25      64.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, PLAINTIFF

26  suffered harm, including mental distress, and other general and special damages, all to PLAINTIFF's

27  damage in an amount to be proven at trial.

28      65.    As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF,

COMPLAINT FOR DAMAGES

1   PLAINTIFF has suffered and continues to suffer substantial losses in earning, benefits, stock options

2   and other employment and retirement benefits.

3        66.    PLAINTIFF has suffered and continues to suffer embarrassment, humiliation, emotional

4   distress, mental anguish, and anxiety all to his damage in amount in excess of jurisdictional requirement

5   according to proof.

6        67.    DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and

7   oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive

8   amounting to despicable conduct, and in conscious disregard of PLAINTIFF's rights. PLAINTIFF is

9   thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

10       WHEREFORE, PLAINTIFF seeks the relief as described herein and below.

11
**SEVENTH CAUSE OF ACTION**
**VIOLATION OF UNFAIR COMPETITION LAW**
12
**Against All Defendants**

13       68.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

14       69.    On information and belief, by their policies described above, DEFENDANTS engaged in

15   unlawful activity prohibited by the California Unfair Competition Law, Business and Professions Code

16   sections 17200, *et seq*. The actions of DEFENDANTS as alleged within this complaint, constitute false,

17   fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and

18   Professions Code sections 17200, *et seq*. As described herein, PLAINTIFF has suffered financial injury

19   in fact and has lost wages and benefits as a result of DEFENDANTS' violation of Business and

20   Professions Code sections 17200, *et seq*. and the underlying violations as described in this complaint.

21       70.    Specifically, DEFENDANTS conduct as described above constitutes unlawful business

22   practices because they have violated various sections of the California Government Code §12900, *et*

23   *seq*.

24       71.    DEFENDANTS' conduct also constitutes unfair business practices as that term is

25   construed pursuant to the Unfair Competition Law.

26       72.    PLAINTIFF is entitled to injunctive and other equitable relief against such unlawful

27   practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid

28   multiplicity of lawsuits.

COMPLAINT FOR DAMAGES

73.     As a direct and proximate result of DEFENDANTS' unfair business practices, PLAINTIFF is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFF as a result of the business acts and practices described herein and enjoying DEFENDANTS to cease and desist from engaging in the practices described herein.

74.     PLAINTIFF further requests that the court issue a preliminary and permanent injunction prohibiting DEFENDANTS from discriminating against individuals on the basis of age, and prohibiting other wrongful conduct which is the subject of this complaint, and which may later be discovered in the course of this litigation.

WHEREFORE, PLAINTIFF seeks the relief as described herein and below.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

1. General damages in excess of $25,000.00 according to proof;
2. Special damages for lost income, loss benefits, and other out of pocket expenses in an amount according to proof;
3. Reasonable attorney fees in an amount according to proof;
4. Exemplary or punitive damages in an amount according to proof;
5. Pre-judgment interest;
6. Costs of suit;
7. Such other and further relief as the court may deem proper.


DATED: July 27, 2022                              THE CARTWRIGHT LAW FIRM, INC.

By: _____
ROBERT E. CARTWRIGHT, JR.
MAURICE J. FITZGERALD
*Attorneys for Plaintiff MARK NASON*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED: July 27, 2022                                THE CARTWRIGHT LAW FIRM, INC.


                                   By:    _____
                                          ROBERT E. CARTWRIGHT, JR.
                                          MAURICE J. FITZGERALD
                                          *Attorneys for Plaintiff MARK NASON*

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ROBERT E. CARTWRIGHT, JR.; MAURICE J. FITZGERALD   SBN: 104284/149712<br>THE CARTWRIGHT LAW FIRM, INC.<br>222 FRONT STREET, FIFTH FLOOR, SAN FRANCISCO, CA 94111<br>TELEPHONE NO.: 415-433-0444   FAX NO.: 415-433-0449<br>ATTORNEY FOR *(Name):* Plaintiff MARK NASON | **FILED/ENDORSED**<br>Clerk of the Superior Court<br><br>JUL 28 2022<br>By **K. FUENTES**<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS: 580 Texas Street
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME: Old Solano Courthouse

CASE NAME:       MARK NASON v. 1-800 RADIATOR & A/C INC., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | FCS 058562<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Seven
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 27, 2022

MAURICE J. FITZJERALD
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™



**SOLANO COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

---

The judges of the Civil Division agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases.  To tell the court you will use ADR:
- Choose ADR on the Case Management Statement (CM-110) or
- File a Stipulation and Order - ADR or
- Agree to ADR at your first court appearance

Questions?  Call (707) 207-7413 or go to ***www.solano.courts.ca.gov/adr***

---

The following information about the ADR Programs available at the Solano Court is provided in addition to the information in the "Civil Mediation" brochure:

**Pro Bono Mediation Program:**

The Pro Bono Mediation panelists are the same mediators on the listing of mediators who provide their services without cost when ordered by the judge.

Request Pro Bono Mediation by entering the program name on the Case Management Statement or on the Stipulation and Order – ADR (Alternative Dispute Resolution). Attach a declaration to the Stipulation and Order – ADR describing why mediation services should be provided without costs to the parties.

**Private Mediation and Arbitration:**

Parties may select a mediator or arbitrator of their choice including someone not on the listings maintained by the court.  If a private mediator, arbitrator or evaluator is selected who is not on the court maintained listing, your selection must be approved by the court.

**Fees:**

The court requires the fees for ADR to be split equally by the parties at the rate set by the mediator/arbitrator/evaluator unless otherwise ordered by the court.  Fees are usually charged on an hourly basis.  The court offers "no fee" mediation to parties who cannot afford to pay for mediation.  A party may request "no fee mediation" at the Case Management Conference or by filing a "Stipulation and Order – Alternative Dispute Resolution" and attaching a declaration stating why mediation services should be provided at no cost to the parties.



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   NASON, MARK

Case No.  FCS058562

Defendant(s): 1-800 RADIATOR & A/C INC., ET AL

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE**
**AND**
**NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

**Date:** 12/06/22        **Time:** 9:30 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:

Judge Stephen Gizzi, Department 3

ALL HEARINGS WILL BE HELD AT: 580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the complaint. The time for filing responsive pleadings may not be extended except as authorized by law. Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

9.   At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.   Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.   At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.   The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
> *http://www.courts.ca.gov/rules.htm*
> *http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐   I personally served the person named below on (*date*):_____ at

(*time*)_____.

Name: _____

☐ Party       ☐ Attorney of Record       ☐ Representative

I,_____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes*.

Date: _____       _____
                                            Signature

☑   I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

MAURICE FITZGERALD
222 FRONT STREET, FIFTH FLORR
SAN FRANCISCO, CA 94111

☐ See attached for additional service addresses

Date:  08/08/22

Clerk of the Court
Superior Court of California, County of Solano

**K. FUENTES**

By: _____
                                            Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

# EXHIBIT B

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**  STATE BAR NO: 149712<br>NAME: Maurice Fitzgerald, Esq.<br>FIRM NAME: THE CARTWRIGHT LAW FIRM, INC.<br>STREET ADDRESS: 222 Front Street, Fifth Floor<br>CITY: San Francisco       STATE: CA    ZIP CODE: 94111<br>TELEPHONE NO.: 415-433-0444    FAX NO.: 415-433-0449<br>E-MAIL ADDRESS: maurice@cartwrightlaw.com<br>ATTORNEY FOR (Name): Plaintiff MARK NASON | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Solano
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS: 580 Texas Street
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME: Old Solano Courthouse

Plaintiff/Petitioner:  MARK NASON

Defendant/Respondent:  1-800 RADIATOR & A/C INC., ET AL.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>FCS058562 |

TO *(insert name of party being served):* Frederick Warren, Esq. c/o 1-800 RADIATOR A/C INC.; SPIRE SUPPLY, LLC; DRIVEN INVESTOR, LLC; DRIVEN BRANDS HOLDINGS, INC.; DRIVEN BRANDS SHARED SERVICES, LLC; DRIVEN BRANDS SHARED SERVICES, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  E-SERVICE on September 13, 2022

Rebekka Moore
(TYPE OR PRINT NAME)

▶   *Rebekka M.*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

    Civil Case Cover Sheet, ADR Packet, Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶   _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 149712 | FOR COURT USE ONLY |
|---|---|---|

NAME: Maurice Fitzgerald, Esq.
FIRM NAME: THE CARTWRIGHT LAW FIRM, INC.
STREET ADDRESS: 222 Front Street, Fifth Floor
CITY: San Francisco  STATE: CA  ZIP CODE: 94111
TELEPHONE NO.: 415-433-0444  FAX NO.: 415-433-0449
E-MAIL ADDRESS: maurice@cartwrightlaw.com
ATTORNEY FOR (Name): Plaintiff MARK NASON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS: 580 Texas Street
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME: Old Solano Courthouse

Plaintiff/Petitioner: MARK NASON
Defendant/Respondent: 1-800 RADIATOR & A/C INC., ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: FCS058562 |
|---|---|

TO (insert name of party being served): Frederick Warren, Esq. c/o 1-800 RADIATOR A/C INC.; SPIRE SUPPLY, LLC; DRIVEN INVESTOR, LLC; DRIVEN BRANDS HOLDINGS, INC.; DRIVEN BRANDS SHARED SERVICES, LLC; DRIVEN BRANDS SHARED SERVICES, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: E-SERVICE on September 13, 2022

Rebekka Moore
(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

Civil Case Cover Sheet, ADR Packet, Notice of Case Management Conference

(To be completed by recipient):

Date this form is signed: October 3, 2022

Julie A. Bachert
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT D

1  David L. Cheng (SBN 240926)
   dcheng@fordharrison.com
2  FORD & HARRISON LLP
   1901 Harrison Street, Suite 1650
3  Oakland, CA 94612
   Telephone:  (415) 852-6910
4  Facsimile:  (415) 852-6925

5  Julie A. Bachert (SBN 328572)
   jbachert@fordharrison.com
6  FORD & HARRISON LLP
   350 South Grand Avenue, Suite 2300
7  Los Angeles, CA 90071
   Telephone:  (213) 237-2400
8  Facsimile:  (213) 237-2401

9  Attorneys for Defendants,
   1-800 RADIATOR & A/C, LLC [erroneously sued
10 and served as 1-800 RADIATOR & A/C INC.];
   SPIRE SUPPLY, LLC; DRIVEN BRANDS
11 HOLDINGS, INC. [successor entity to Driven
   Investor, LLC]; DRIVEN BRANDS SHARED
12 SERVICES, LLC [erroneously sued and served as
   DRIVEN BRANDS SHARED SERVICES, INC.]

13

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14

**COUNTY OF SOLANO**

15

16

MARK NASON, an Individual,                    CASE NO.: FCS058562

17                                            Assigned to Hon. Stephen Gizzi, Dept. 3
                 Plaintiff,
18
       v.
19                                            **DEFENDANTS' ANSWER TO**
   1-800 RADIATOR & A/C INC.; SPIRE           **PLAINTIFF'S COMPLAINT**
20 SUPPLY, LLC; DRIVEN INVESTOR,
   LLC; DRIVEN BRANDS HOLDINGS,
21 INC.; DRIVEN BRANDS SHARED
   SERVICES, LLC; DRIVEN BRANDS
22 SHARED SERVICES, INC.; and DOES
   ONE through TWENTY-FIVE, Inclusive,
23
                 Defendants.                  Complaint Filed: July 28, 2022
24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

FILED/ENDORSED
Clerk of the Superior Court

OCT 2 7 2022

By____F. DEROGATIS____
DEPUTY CLERK

Defendants 1-800 RADIATOR & A/C, LLC [erroneously sued and served as 1-800 RADIATOR & A/C INC.]; SPIRE SUPPLY, LLC; DRIVEN BRANDS HOLDINGS, INC. [also sued as and the successor entity to Driven Investor, LLC]; DRIVEN BRANDS SHARED SERVICES, LLC [erroneously sued and served as DRIVEN BRANDS SHARED SERVICES, INC.] ("Defendants"), by and through their counsel of record, hereby answer the unverified Complaint for damages ("Complaint") of Plaintiff MARK NASON ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendants deny, both generally and specifically, each and every allegation, matter or fact contained in Plaintiff's Complaint and the whole thereon, and further deny that Plaintiff has been injured or damaged in any sum whatsoever or is entitled to any relief in any form, whether legal or equitable, from Defendants.

## FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Cause of Action)*

1.       As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that the Complaint and each and every cause of action fail to set forth facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

*(Failure to Exhaust Administrative Remedies)*

2.       As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that Plaintiff's causes of action are barred because Plaintiff failed to exhaust his administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

*(Barred by Statute of Limitations)*

3.       As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that Plaintiff's claims are barred in whole or in part by any and all applicable statutes of limitations, including but not limited to Code of Civil

Procedure sections 335.1, 337, 338, 339, 340 343, California Government Code sections 12960 and 12965, and California Business and Professions Code sections 17200, 17208.

## FOURTH AFFIRMATIVE DEFENSE

### *(Failure to Mitigate)*

4.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that if Plaintiff sustained any damages as a result of the allegations set forth in the Complaint, such damages are the result of Plaintiff's failure to take reasonable efforts to mitigate the damages allegedly suffered.

## FIFTH AFFIRMATIVE DEFENSE

### *(Independent Cause)*

5.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that any damages allegedly suffered by Plaintiff were caused or contributed to by persons and causes other than Defendants, including Plaintiff, thereby eliminating or reducing any alleged liability of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### *(Proportionate Share)*

6.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that their liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion to Defendants' percentage of fault in accordance with Civil Code section 1431.2(a).

## SEVENTH AFFIRMATIVE DEFENSE

### *(Estoppel)*

7.      As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff is estopped and barred from obtaining the relief requested therein.

\ \ \

\ \ \

\ \ \

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

*(Waiver)*

3      8.    As a separate and affirmative defense to the Complaint, and to each and every

4  alleged cause of action contained therein, Defendants assert that Plaintiff has waived his rights, if

5  any, to pursue the claims set forth in the Complaint.

6

**NINTH AFFIRMATIVE DEFENSE**

7

*(Laches)*

8      9.    As a separate and affirmative defense to the Complaint, and to each and every

9  alleged cause of action contained therein, Defendants assert that Plaintiff is barred from recovery,

10  in whole or in part, by the equitable doctrine of laches.

11

**TENTH AFFIRMATIVE DEFENSE**

12

*(Unclean Hands)*

13      10.    As a separate and affirmative defense to the Complaint, and to each and every

14  alleged cause of action contained therein, Defendants assert that Plaintiff's causes of action are

15  barred by the equitable doctrine of unclean hands.

16

**ELEVENTH AFFIRMATIVE DEFENSE**

17

*(Failure to Set Forth Facts for Punitive Damages)*

18      11.    As a separate and affirmative defense to the Complaint, and to each and every

19  alleged cause of action contained therein, Defendants assert without admitting that if they engaged

20  in any of the acts or conduct attributed to them in the Complaint, then Plaintiff's Complaint fails

21  to set forth facts sufficient to constitute a claim for punitive or exemplary damages.

22

**TWELFTH AFFIRMATIVE DEFENSE**

23

*(Good Faith Belief Acting Under Legal Right in Permissible Way)*

24      12.    As a separate and affirmative defense to the Complaint, and to each alleged cause

25  of action contained therein, Defendants assert that in good faith and without fraud, oppression, or

26  malice against Plaintiff or his rights, they believed they were acting under a legal right and did no

27  more than insist upon these legal rights in a permissible way.

28  \ \ \

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2

*(Legitimate, Business-Related Actions by Defendant Based on Good Faith)*

3          13.     As a separate and affirmative defense to the Complaint, and to each and every

4   alleged cause of action contained therein, Defendants assert without admitting that if they engaged

5   in any of the acts or conduct attributed to them in the Complaint, then the Complaint and each

6   purported cause of action contained therein fail to state facts sufficient to constitute a cause of

7   action because any decisions with respect to Plaintiff's employment or status as an employee were

8   made solely for legitimate, non-discriminatory, and business-related reasons and were reasonably

9   based on the facts as Defendants understood them.

10

**FOURTEENTH AFFIRMATIVE DEFENSE**

11

*(Failure to Take Reasonable Steps to Avoid Harm or Consequences)*

12          14.     As a separate and affirmative defense to the Complaint, and to each and every

13   alleged cause of action contained therein, Defendants assert without admitting that if they engaged

14   in any of the acts or conduct attributed to them in the Complaint, then Plaintiff's claims and

15   damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps

16   to avoid the harm and/or consequences that he allegedly suffered.

17

**FIFTEENTH AFFIRMATIVE DEFENSE**

18

*(Consent)*

19          15.     As a separate and affirmative defense to the Complaint, and to each alleged cause

20   of action contained therein, Defendants assert without admitting that if they engaged in any of the

21   acts or conduct attributed to them in the Complaint, then Plaintiff consented to Defendants'

22   conduct.

23

**SIXTEENTH AFFIRMATIVE DEFENSE**

24

*(Defendants Exercised Reasonable Care)*

25          16.     As a separate and affirmative defense to the Complaint, and to each and every

26   alleged cause of action contained therein, Defendants assert without admitting that if they engaged

27   in any of the acts or conduct attributed to them in the Complaint, then Defendants exercised

28

reasonable care, and properly took all remedial steps necessary to correct and/or prevent any violations of Government Code section 12940 *et seq*. from occurring.

### SEVENTEENTH AFFIRMATIVE DEFENSE

*(Lack of Knowledge)*

17.    As a separate and affirmative defense to the Complaint, and to each and every purported cause of action pleaded therein, Defendants allege that they neither knew nor should have known of any alleged discrimination or any other claims asserted in the Complaint prior to Plaintiff's lawsuit. Plaintiff did not provide Defendants with an opportunity to correct any alleged violations and to provide an appropriate remedy, if any, to Plaintiff prior to the time the Complaint was filed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

*(FEHA Defenses)*

18.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert all defenses available to them under the provisions of the Fair Employment and Housing Act, California Government Code Section 12940, *et seq* ("FEHA").

### NINETEENTH AFFIRMATIVE DEFENSE

*(Failure to Act/Preventative, Corrective Opportunities)*

19.    As a separate and affirmative defense to the Complaint, and to each and every purported cause of action pleaded therein, Defendants allege that Plaintiff is barred from recovering the damages he seeks because he knew about but failed to avail himself of Defendants' policies and procedures and otherwise take advantage of preventative and corrective opportunities to avoid and alleviate any alleged discrimination.

### TWENTIETH AFFIRMATIVE DEFENSE

*(Defendant Fully Performed any Duties and Obligations Owed to Plaintiff)*

20.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that any duty or obligation, contractual,

statutory or otherwise, which Plaintiff claims was owed to him by Defendants have been fully and faithfully performed, satisfied, and/or discharged.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

*(Business Necessity)*

21.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that their conduct was job related and consistent with business necessity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

*(No Violation of Any Constitutional Provision, State Statute, or Regulation)*

22.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert without admitting that if they engaged in any of the acts or conduct attributed to them in the Complaint, then Plaintiff's causes of action are barred because Defendants did not violate any constitutional provision, state statute, regulation, or other substantial public policy of the State of California as alleged in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

*(No Emotional Distress Damages)*

23.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert without admitting that if they engaged in any of the acts or conduct attributed to them in the Complaint, that Plaintiff failed to allege facts sufficient to support an award of emotional distress damages against Defendants. Furthermore, Defendants assert that they did not have any knowledge of any peculiar susceptibility of Plaintiff to damage or injury from emotional distress.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

*(At-Will Employment)*

24.    As a separate and affirmative defense to the Complaint, to each and every alleged cause of action contained therein, Defendants assert that Plaintiff's employment was at-will pursuant to Labor Code section 2922.

\ \ \

1      **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2      *(Not a Substantial Motivating Reason)*

3      25.     As a separate and affirmative defense to the Complaint, and to each and every

4 alleged cause of action contained therein, Defendants allege that the Complaint, and each and every

5 cause of action alleged therein, are barred because Plaintiff's age was not a substantial motivating

6 reason for the alleged adverse employment action.

7      **TWENTY- SIXTH AFFIRMATIVE DEFENSE**

8      *(No Age Discrimination)*

9      26.     As a separate and affirmative defense to the Complaint, and to each alleged cause

10 of action contained therein, Defendants assert that they did not discriminate against Plaintiff due to

11 his age.

12      **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

13      *(Mixed Motive)*

14      27.     As a separate and affirmative defense to the Complaint, and to each alleged cause

15 of action contained therein, Defendants assert that in the event that Plaintiff proves any wrongful

16 acts by Defendants, all of which Defendants deny, the alleged adverse employment action(s) about

17 which Plaintiff complains would have been the same even if the alleged wrongful motive had

18 played a role.

19      **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

20      *(No Authorization, Adoption, or Ratification)*

21      28.     Defendants assert that the Complaint, and each purported cause of action contained

22 therein, or some of them, are barred because assuming *arguendo* that Plaintiff's allegations are true,

23 such allegations were not authorized, adopted, or ratified by Defendants, and/or Defendants did not

24 know, nor should they have known of such conduct.

25      **TWENTY-NINTH AFFIRMATIVE DEFENSE**

26      *(Managerial Discretion)*

27      29.     As a separate and affirmative defense to the Complaint, and to each and every

28 alleged cause of action contained therein, Defendants assert that any conduct by Defendants was a

1  just and proper exercise of management discretion, undertaken for fair and legitimate reasons, and

2  regulated by good faith under the circumstances then existing.

3  **THIRTIETH AFFIRMATIVE DEFENSE**

4  *(After-Acquired Evidence)*

5  30.     The Complaint, and each and every cause of action alleged therein, is barred, or any

6  damages are reduced, by after-acquired evidence.

7  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

8  *(Avoidable Consequences)*

9  31.     The Complaint, and each and every cause of action alleged therein, is barred by the

10  avoidable consequences doctrine.

11  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

12  *(Contract - Performance by Defendants)*

13  32.     Prior to the commencement of this action, the Defendants duly performed, satisfied,

14  and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all

15  agreements, representations, or contracts made by Defendants, and this action is therefore barred

16  by the provisions of California Civil Code section 1473.

17  **THIRTY-THIRD AFFIRMATIVE DEFENSE**

18  *(Lack of Causation)*

19  33.     Plaintiff's Complaint, and each and every purported cause of action pleaded therein,

20  is barred because any fault, act, or omission on the part of Defendants, if any, was neither the cause-

21  in-fact nor the proximate cause of Plaintiff's damages or liabilities, if any.  Rather, any such alleged

22  fault, acts, or omissions, if any, were only secondary, inconsequential, and indirect, and Defendants

23  in no way contributed to or caused the alleged damages or liabilities of Plaintiff.

24  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

25  *(Lack of Malice, Fraud, and Oppression)*

26  34.     Defendants are informed and believe, and thereon allege, that they did not engage

27  in any alleged discriminatory acts or any other acts or omissions with malice, fraud, oppression, or

28  any other improper motive as alleged in the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

*(Comparative/Contributory Negligence and/or Fault)*

35.    As a separate and affirmative defense to the Complaint, and to each and every purported cause of action pleaded therein, Defendants allege that, should it be determined that Plaintiff has been damaged, then said damages were proximately caused by Plaintiff's own conduct, and Plaintiff's claims are barred, or limited, by Plaintiff's own contributory negligence, comparative negligence, or comparative fault.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

*(Pre-existing)*

36.    Defendants allege that any symptoms of mental or emotional distress or injury from which Plaintiff suffered were the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendants.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

*(Third Party Conduct Superseding Cause)*

37.    The intervening and superseding acts or omissions of persons or entities other than Defendants, and for whose acts or omissions Defendants are not responsible, proximately caused Plaintiff's alleged losses, injuries, or damages described in the Complaint.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

*(Speculative Damages and/or Penalties)*

38.    Defendants alleges that Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

*(Failure to Comply with the Employer's Directions)*

39.    As a separate and distinct affirmative defense to Plaintiff's Complaint, without admitting any facts pled by Plaintiff, Defendants allege that if Plaintiff has sustained any loss, injury, or damages either as alleged in the Complaint or at all, which Defendants expressly deny, Plaintiff failed to comply with the directions of Defendants concerning the service on which they

were engaged and such obedience to Defendants' directions was neither impossible nor unlawful and would not impose new and unrealistic burdens.  To the extent Plaintiff has sustained any loss, injury, or damages as alleged in the Complaint, they were directly and proximately caused and/or exacerbated by Plaintiff's own conduct, promises and representations to Defendants, and failure to take actions to mitigate these losses, injuries, or damages.

## FORTIETH AFFIRMATIVE DEFENSE

### *(Plaintiff's Action is Frivolous and in Bad Faith)*

40.     As a separate and distinct affirmative defense to Plaintiff's Complaint, Defendants allege that they are entitled to recover reasonable expenses, including attorney's fees if allowable, from Plaintiff and Plaintiff's counsel in that Plaintiff's Complaint and each purported cause of action as alleged therein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### *(Release)*

41.     The Complaint, and each and every purported cause of action alleged therein, is barred because Plaintiff has released his claims.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### *(No Compensatory Damages)*

42.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff failed to state facts sufficient to support an award of compensatory damages against Defendants.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### *(Excuse of Performance)*

43.     Although Defendants deny failing to perform under any contract as alleged in the Complaint, any such failure resulted from the nonoccurrence of a condition precedent to or concurrent with performance by Defendants, or other event that rendered Defendants' performance impossible.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

*(Forfeiture of Benefits of Contract)*

44.     Plaintiff is not entitled to relief under any contract as alleged in the Complaint because he forfeited all rights, titles, and interests therein.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

*(Lack of Consideration)*

45.     Plaintiff is not entitled to relief under any contract as alleged in the Complaint due to the lack of consideration for said contract.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

*(Changes in Capital Structure)*

46.     Plaintiff is not entitled to relief under any contract as alleged in the Complaint because Defendants fully performed pursuant to certain changes in capital structure provided for in said contract.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

*(Excessive Fines)*

47.     Any award of punitive damages, treble damages, or exemplary damages sought in this case is barred because it would violate the due process, equal protection, and excessive fines provisions of the United States Constitution and Article I, Section 17 of the California Constitution.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

*(Compliance with Contractual Terms)*

48.     Defendants are informed and believe, and thereupon allege, that they followed all appropriate terms and conditions of the contractual relationship, if any, between Plaintiff and Defendants.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

*(Unfair Competition: Lack of Standing)*

49.     Defendants allege that any claims for unfair competition are barred, in whole or in part, because Plaintiff lacks standing to pursue the claims alleged in the Complaint on behalf of himself under California Business and Professions Code section 17200 *et seq.*, as he has not

suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendants.

## FIFTIETH AFFIRMATIVE DEFENSE

*(Unfair Competition: Not Unfair, Fraudulent, or Misleading)*

50.    Defendants cannot be liable for any violation of the Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*, because their actions toward Plaintiff were not unfair, fraudulent, nor likely to mislead Plaintiff or the public. Defendants' conduct and dealings with Plaintiff were lawful and authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

*(No Entitlement to Attorneys' Fees)*

51.    As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to properly state a claim for attorneys' fees upon any legitimate basis.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

*(Right to Offset)*

52.    Defendants allege that they have suffered damages by reason of Plaintiff's conduct, and Defendants have a right to offset their damages against the damages, if any, of Plaintiff.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

*(Not Employer or Joint Employer)*

53.    Plaintiff's Complaint, and each claim contained therein, is barred in whole or in part against Defendants because Defendants are not an employer, statutory employer, dual employer, or joint employer of Plaintiff and/or did not exercise sufficient control over Plaintiff's employment to be held liable for any purported cause of action alleged in the Complaint.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

*(Reservation of Rights)*

54.    Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they have additional affirmative defenses.  Accordingly, Defendants

1  reserve the right to assert additional affirmative defenses in the event that it appears that any error

2  or omission has been made herein or in the event that further discovery or analysis indicates that

3  any additional affirmative defenses would be applicable.

4  <u>**PRAYER**</u>

5  WHEREFORE, Defendants pray for entry of judgment as follows:

6  1.  That Plaintiff take nothing by way of his Complaint;

7  2.  That judgment be entered in favor of Defendants and against Plaintiff;

8  3.  That Defendants be awarded their costs of suit including attorneys' fees; and

9  4.  For such other relief as the Court may deem just and proper.

10

11  Respectfully submitted,

12  Dated: October 26, 2022            FORD & HARRISON LLP

13

14  By: _____

15  David L. Cheng
Julie A. Bachert

16  Attorneys for Defendants,
1-800 RADIATOR & A/C, LLC; SPIRE SUPPLY,

17  LLC; DRIVEN BRANDS HOLDINGS, INC.;
DRIVEN BRANDS SHARED SERVICES, LLC

18

19

20

21

22

23

24

25

26

27

28

14
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

# **PROOF OF SERVICE**

I, Elizabeth Lopez, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **October 26, 2022,** I served a copy of the following document(s) described below on the interested parties in this action, as follows:

## **DEFENDANTS' ANSWER TO PLAINTIFF MARKNASON'S COMPLAINT**

| | |
|---|---|
| Robert E. Cartwright, Jr.<br>Maurice Fitzgerald<br>THE CARTWRIGHT LAW FIRM, INC.<br>222 Front Street, Fifth Floor<br>San Francisco, CA 94111<br>Tel.:  (415) 433-0444<br>Fax:  (415) 433-0449<br>Email: rob@cartwrightlaw.com;<br>maurcie@cartwrightlaw.com | Attorneys for Plaintiff,<br>MARK NASON |

__X__    **BY U.S. MAIL:**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I electronically served the documents on the date shown below to the e-mail addresses of the person listed below.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: October 26, 2022, at Los Angeles, California.

_____
Elizabeth Lopez

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I, Esperansa Reinold, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **November 2, 2022**, I served a copy of the following document(s) described as follows:

**DECLARATION OF JULIE A. BACHERT IN SUPPORT OF NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

On the interested parties in this action, as follows:

Robert E. Cartwright, Jr.                    Attorneys for Plaintiff,
Maurice Fitzgerald                           MARK NASON
THE CARTWRIGHT LAW FIRM, INC.
222 Front Street, Fifth Floor
San Francisco, CA 94111
Email:  maurcie@cartwrightlaw.com
        rob@cartwrightlaw.com

☒ **BY U.S. MAIL:**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I electronically served the documents on the date shown below to the e-mail addresses of the person listed above, from email address: elopez@fordharrison.com

☒ **ELECTRONICALLY:**  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **November 2, 2022**, at Los Angeles, California.

_____
Esperansa Reinold

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:13523836.1
3:03 PM

1

PROOF OF SERVICE